Michael Faillace [MF-8436]
Michael Faillace & Associates, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------X
CANDELARIA ORDONEZ CALEL and CARLOS
MANUEL TICUM YACON, *individually and on*
*behalf of others similarly situated,*

                           *Plaintiffs,*

                   -against-

ONG AMNUAY INC. (d/b/a CHAAMLEX),
NARONG PIEMTONGKAM, and THANYA ONG,

                       *Defendants.*
---------------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION**
**UNDER 29 U.S.C. § 216(b)**

**ECF Case**

     Plaintiffs Candelaria Ordonez Calel and Carlos Manuel Ticum Yacon, individually and on behalf of others similarly situated ("Plaintiffs"), by and through their attorneys, Michael Faillace & Associates, P.C., and as against each of Defendants Ong Amnuay Inc. (d/b/a Chaamlex) ("Defendant Corporation"), Narong Piemtongkam, and Thanya Ong (collectively, "Defendants"), upon information and belief allege as follows:

<u>**NATURE OF ACTION**</u>

     1.    Plaintiffs are former employees of Defendants Ong Amnuay Inc. (d/b/a/ Chaamlex), Narong Piemtongkam and Thanya Ong who own and operate Chaamlex.

     2.    Chaamlex is a Thai restaurant owned by Narong Piemtongkam and Thanya Ong, located at 34 Lexington Avenue, New York, New York, 10010.

3.      Upon information and belief, Defendants Narong Piemtongkam and Thanya Ong serve or served as owners, managers, principals or agents of Defendant Corporation and through this corporate entity operate or operated the Thai restaurant as a joint or unified enterprise.

4.      Plaintiffs were former employees of Defendants.

5.      Plaintiffs were employed as a cook and as a delivery packer/food preparer at the Thai restaurant located at 34 Lexington Avenue, New York, New York 10010.

6.      Plaintiffs regularly worked for Defendants in excess of 40 hours per week, without appropriate minimum wage or overtime compensation for the hours that they worked each week.

7.      Rather, Defendants failed to maintain accurate records of hours worked and failed to pay Plaintiffs appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

8.      Further, Defendants failed to pay Plaintiffs the appropriate "spread of hours" pay when they had to work over 10 hours in a day.

9.      Defendants' conduct extended beyond Plaintiffs to all other similarly situated employees.

10.     At all times relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiffs and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

11.     Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor

Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), the New York Labor Law ("NYLL") §§190 and 650 *et seq*., and "overtime wage order" respectively codified at N.Y.C.R.R. Tit. 12 §§ 142-2.2, 2.4), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees, and costs.

12.    Plaintiffs seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

13.    This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1337 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiffs' state law claims is conferred by 28 U.S.C. § 1367(a).

14.    Venue is proper in this District under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their business in this district, and Plaintiffs were employed by Defendants in this district.

## PARTIES

*Plaintiff*

15.    Plaintiff Candelaria Ordonez Calel ("Plaintiff Ordonez" or "Ms. Ordonez") is an adult individual residing in Queens County, New York. Plaintiff Ordonez was employed by Defendants from approximately November 1, 2014 until on or about March 1, 2017.

16.     Plaintiff Carlos Manuel Ticum Yacon ("Plaintiff Ticum" or "Mr. Ticum") is an adult individual residing in Queens County, New York. Plaintiff Ticum was employed by Defendants for approximately four weeks during the month of January 2015.

17.     At all relevant times to this complaint, Plaintiffs were employed by Defendants as a cook and as a delivery packer/food preparer at Chaamlex, located at 34 Lexington Avenue, New York, New York, NY 10010.

18.     Plaintiffs consent to being party Plaintiffs pursuant to 29 U.S.C. § 216(b), and bring these claims based upon the allegations herein as representative parties of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

19.     Defendants own, operate, and/or control a Thai restaurant located at 34 Lexington Avenue, New York, New York 10010 under the name of Chaamlex, at all times relevant to this complaint.

20.     Upon information and belief, Defendant Ong Amnuay Inc. ("Defendant Corporation") is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principle place of business at 34 Lexington Avenue, New York, New York, 10010.

21.     Defendant Narong Piemtongkam is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

22.     Defendant Narong Piemtongkam is sued individually in his capacity as an owner, officer and/or agent of defendant Corporation.

23.    Defendant Narong Piemtongkam possesses or possessed operational control over defendant Corporation, an ownership interest in defendant Corporation, or controlled significant functions of defendant Corporation.

24.    Defendant Narong Piemtongkam determined the wages and compensation of employees, including Plaintiff Ordonez, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

25.    Defendant Thanya Ong is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

26.    Defendant Thanya Ong is sued individually in her capacity as an owner, officer and/or agent of defendant Corporation.

27.    Defendant Thanya Ong possesses or possessed operational control over defendant Corporation, an ownership interest in defendant Corporation, or controlled significant functions of defendant Corporation.

28.    Defendant Thanya Ong determined the wages and compensation of employees, including Plaintiff Ordonez, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

*Defendants Constitute Joint Employers*

29.    Defendants operate a Thai restaurant located at 34 Lexington Avenue, New York, New York, 10010.

30.    Individual Defendants Narong Piemtongkam and Thanya Ong possess operational control over defendant Corporation, possess an ownership interest in defendant Corporation, and control significant functions of defendant Corporation.

31.    Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

32.    Each Defendant possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs and all similarly situated individuals, referred to herein.

33.    Defendants jointly employed Plaintiffs, and all similarly situated individuals, and are Plaintiffs' (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

34.    In the alternative, Defendants constituted a single employer of Plaintiffs and/or similarly situated individuals.

35.    Upon information and belief, Individual Defendants Narong Piemtongkam and Thanya Ong operate defendant Corporation as either an alter ego of themselves, and/or fail to operate defendant Corporation as an entity legally separate and apart from their own selves, by, among other things:

(a)    failing to adhere to the corporate formalities necessary to operate defendant Corporation as a separate and legally distinct entity;

(b)    defectively forming or maintaining defendant Corporation, by among other things failing to hold annual meetings or maintaining appropriate corporate records;

(c)    transferring assets and debts freely as between all Defendants;

(d)    operating defendant Corporation for their own benefit as the sole or majority shareholders;

(e)    operating defendant Corporation for their own benefit and maintaining control over it as a closed corporation or closely controlled entity;

(f)    intermingling assets and debts of their own with defendant Corporation;

(g)    diminishing and/or transferring assets of defendant Corporation to protect their own interests; and

(h)    other actions evincing a failure to adhere to the corporate form.

36.    At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and NYLL.

37.    Defendants had the power to hire and fire Plaintiffs, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiffs' services.

38.    In each year from 2014 to 2017, Defendants, both individually and jointly, had gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

39.    In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. For example, numerous items that were sold in the Thai restaurant on a daily basis were produced outside of the State of New York.

*Plaintiffs*

40.    Plaintiffs are former employees of Defendants, who were employed as a cook and as a delivery packer/food preparer.

41.     Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

*Plaintiff Candelaria Ordonez Calel*

42.     Plaintiff Ordonez was employed by Defendants from approximately November 1, 2014 until on or about March 1, 2017.

43.     At all relevant times, Plaintiff Ordonez was employed by Defendants to work as a cook.

44.     Plaintiff Ordonez regularly handled goods in interstate commerce, such as food, condiments, and supplies necessary to perform her duties as a cook.

45.     Plaintiff Ordonez's work duties required neither discretion nor independent judgment.

46.     Throughout her employment with Defendants, Plaintiff Ordonez regularly worked in excess of 40 hours per week.

47.     From approximately November 1, 2014 until on or about January 2016, Plaintiff Ordonez worked approximately 72 to 78 hours per week, six days per week.

48.     From approximately January 2016 until on or about September 2016, Plaintiff Ordonez worked approximately 70 to 72 hours per week, six days per week.

49.     From approximately September 2016 until on or about November 2016, Plaintiff Ordonez worked approximately 65 to 67 hours per week, six days per week.

50.     From approximately November 2016 until on or about March 1, 2017, Plaintiff Ordonez worked approximately 58 to 60 hours per week, five days per week.

51.     Throughout her employment with defendants, Plaintiff Ordonez was paid her wages in cash.

52.     From approximately November 1, 2014 until on or about January 2016, defendants paid Plaintiff Ordonez a fixed salary of $95.00 per day.

53.     From approximately January 2016 until on or about March 1, 2017, defendants paid Plaintiff Ordonez $11.25 for her regular hours and $16.88 for some of her overtime hours.

54.     Prior to January 2016, Plaintiff Ordonez's wages did not vary regardless of how many additional hours she worked in a week.

55.     For example, prior to 2016, Plaintiff Ordonez regularly worked 30 minutes to one hour past her scheduled departure time, and defendants did not compensate her for the additional time she worked.

56.     Defendants did not provide Plaintiff Ordonez with any document or other statement accounting for her actual hours worked, or setting forth the rate of pay for all of her hours worked.

57.     Instead, from approximately January 2016 until on or about March 2017 defendants required Plaintiff Ordonez to sign a document, without giving her an ample time to review it, in order to receive her pay. However, on several occasions during this time period, Plaintiff Ordonez noticed that she was not being paid for all of the hours she worked.

58.     In addition, from approximately January 2016 until on or about March 2017, Defendants made meal deductions from Plaintiff Ordonez's checks for food that she did not eat.

59.     No notification, either in the form of posted notices, or other means, was ever given to Plaintiff Ordonez regarding wages as required under the FLSA and NYLL.

60.    Defendants did not provide Plaintiff Ordonez with an accurate statement of wages, with each payment of wages, as required by NYLL 195(3).

61.    Defendants did not give any notice to Plaintiff Ordonez, in English and in Spanish (Plaintiff Ordonez's primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Plaintiff Carlos Manuel Ticum Yacon*

62.    Plaintiff Ticum was employed by Defendants for approximately four weeks during the month of January 2015.

63.    At all relevant times, Plaintiff Ticum was employed by Defendants to work as a delivery packer/food preparer.

64.    Plaintiff Ticum regularly handled goods in interstate commerce, such as food, condiments, and supplies necessary to perform his duties as a delivery packer/food preparer.

65.    Plaintiff Ticum's work duties required neither discretion nor independent judgment.

66.    Throughout his employment with Defendants, Plaintiff Ticum regularly worked in excess of 40 hours per week.

67.    For the first two weeks of January 2015, Plaintiff Ticum worked from approximately 10:30 a.m. until on or about 10:30 p.m., six days per week (typically 72 hours per week).

68.    For the last two weeks of January 2015, Plaintiff Ticum worked from approximately 10:30 a.m. until on or about 10:00 p.m. five days per week and from

approximately 12:00 p.m. until on or about 9:30 p.m. one day per week (typically 67 hours per week).

69.     Plaintiff Ticum was only paid $150 in cash for the four weeks he worked for Defendants.

70.     Defendants did not provide Plaintiff Ticum with any document or other statement accounting for his actual hours worked, or setting forth the rate of pay for all of his hours worked.

71.     Defendants never granted Plaintiff Ticum any break or meal periods of any length.

72.     No notification, either in the form of posted notices, or other means, was ever given to Plaintiff Ticum regarding wages as required under the FLSA and NYLL.

73.     Defendants did not provide Plaintiff Ticum with an accurate statement of wages, with each payment of wages, as required by NYLL 195(3).

74.     Defendants did not give any notice to Plaintiff Ticum, in English and in Spanish (Plaintiff Ticum's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

75.     Defendants regularly required Plaintiffs to work in excess of forty (40) hours per week without paying them minimum wage, overtime compensation and spread of hours pay.

76.     At all times relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiffs and all similarly situated employees to work in excess of forty

(40) hours per week without paying them appropriate minimum wage and overtime compensation, as required by federal and state laws.

77.    As part of their regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiffs by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL.

78.    Plaintiffs were victims of Defendants' common policy and practices violating their rights under the FLSA and New York Labor Law by not paying them the wages they were owed for the hours they had worked.

79.    Defendants paid Plaintiffs their wages in cash.

80.    Defendants required Plaintiff Ordonez to sign a document, the contents of which she was not given an opportunity to read, in order to get her weekly pay.

81.    Defendants also failed to post required wage and hour posters in the restaurant, and did not provide Plaintiffs with statutorily required wage and hour records or statements of their pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiffs' relative lack of sophistication in wage and hour laws.

82.    Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) worked, and to avoid paying Plaintiffs properly for 1) their full hours worked, 2) minimum wage, 3)for overtime due, and 4) spread of hours pay.

83.    Defendants failed to provide Plaintiffs and other employees with wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone  number of employer; rate or

rates of pay and basis thereof, whether paid by the hour, shift, day, week,  salary, piece, commission, or other;  gross wages;  deductions;  allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked, as required by NYLL §195(3).

84.    Defendants failed to provide Plaintiffs and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular  pay day designated by the employer; the name of the  employer; any "doing business as"  names used by the employer; the physical address of the employer's main office or principal place of  business, and a mailing address if different;  and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

85.    Plaintiffs bring their FLSA minimum wage, overtime, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants, or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period"), as employees of Chaamlex (the "FLSA Class").

86.    At all relevant times, Plaintiffs and other members of the FLSA Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs,

13

procedures, protocols and plans of willfully failing and refusing to pay them the required minimum wage under the FLSA and the required overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA.

87.    The claims of the Plaintiffs stated herein are similar to those of the other employees.

**FIRST CAUSE OF ACTION**
**VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA**

88.    Plaintiffs repeat and re-allege all paragraphs above as though fully set forth herein.

89.    At all times relevant to this action, Defendants were Plaintiffs' employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiffs (and the FLSA class members), control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for employment.

90.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

91.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

92.    Defendants failed to pay Plaintiffs (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

93.    Defendants' failure to pay Plaintiffs (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

94.     Plaintiffs (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

95.      Plaintiffs repeat and re-allege all paragraphs above as though fully set forth herein.

96.     Defendants, in violation of the FLSA, failed to pay Plaintiffs (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

97.     Defendants' failure to pay Plaintiffs (and the FLSA Class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

98.     Plaintiffs (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
## VIOLATION OF THE NEW YORK MINIMUM WAGE RATE

99.     Plaintiffs repeat and re-allege all paragraphs above as though fully set forth herein.

100.     At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiffs (and the FLSA Class members), control terms and conditions of employment, and determine the rates and methods of any compensation in exchange for employment.

101.    Defendants, in violation of the NYLL, paid Plaintiffs (and the FLSA Class members) less than the minimum wage in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor.

102.    Defendants' failure to pay Plaintiffs (and the FLSA Class members) minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

103.    Plaintiffs (and the FLSA Class Members) were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
## VIOLATION OF THE OVERTIME PROVISIONS OF
## THE NEW YORK STATE LABOR LAWS

104.    Plaintiffs repeat and re-allege all paragraphs above as though fully set forth herein.

105.    Defendants, in violation of the NYLL and associated rules and regulations, failed to pay Plaintiffs (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of N.Y. Lab. Law § 190 *et seq.* and supporting regulations of the New York State Department of Labor.

106.    Defendants' failure to pay Plaintiffs (and the FLSA Class members) overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

107.    Plaintiffs (and the FLSA Class Members) were damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION
## VIOLATION OF THE SPREAD OF HOURS WAGE ORDER
## OF THE NEW YORK COMMISSIONER OF LABOR

108.    Plaintiffs repeat and re-allege all paragraphs above as though fully set forth herein.

109.    Defendants failed to pay Plaintiffs (and the FLSA class members) one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiffs' spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 et seq. and 650 et seq. and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6.

110.    Defendants' failure to pay Plaintiffs (and the FLSA Class members) an additional hour's pay for each day Plaintiffs' (and the FLSA Class members) spread of hours exceeded ten hours was willful within the meaning of New York Lab. Law § 663.

111.    Plaintiffs (and the FLSA Class members) were damaged in an amount to be determined at trial.

### SIXTH CAUSE OF ACTION
### VIOLATION OF THE NOTICE AND RECORDKEEPING
### REQUIREMENTS OF THE NEW YORK LABOR LAW

112.    Plaintiffs repeat and re-allege all paragraphs above as though fully set forth herein.

113.    Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

114.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

### SEVENTH CAUSE OF ACTION
### VIOLATION OF THE WAGE STATEMENT PROVISIONS
### OF THE NEW YORK LABOR LAW

115.    Plaintiffs repeat and re-allege all paragraphs above as though set forth fully herein.

116.    Defendants did not provide Plaintiffs with wage statements upon each payment of wages, as required by NYLL 195(3).

117.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA class members;

(c)    Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA class members;

(d)    Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' and the FLSA class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)    Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiffs and the FLSA class members;

(f)     Awarding Plaintiffs and the FLSA class members damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiffs and the FLSA class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs and the members of the FLSA Class;

(i)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs and the members of the FLSA Class;

(j)     Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiffs and the members of the FLSA Class;

(k)     Declaring that Defendants violated the recordkeeping requirements of the NYLL with respect to Plaintiffs' and the FLSA Class members' compensation, hours, wages; and any deductions or credits taken against wages;

(l)     Declaring that Defendants' violations of the New York Labor Law were willful as to Plaintiffs and the FLSA Class members;

(m)     Awarding Plaintiffs and the FLSA class members damages for the amount of unpaid minimum and overtime wages as well as spread of hours pay under the NYLL as applicable;

(n)     Awarding Plaintiffs and the FLSA class members liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime

compensation and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable;

(o)    Awarding Plaintiffs and the FLSA class members pre-judgment and post-judgment interest as applicable;

(p)    Awarding Plaintiffs and the FLSA class members the expenses incurred in this action, including costs and attorney's fees;

(q)    Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(r)    All such other and further relief as the Court deems just and proper.

JURY DEMAND

Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated: New York, New York
      May 19, 2017

MICHAEL FAILLACE & ASSOCIATES, P.C.

    /s/ Michael Faillace
By:    Michael A. Faillace [MF-8436]
        60 East 42nd Street, Suite 4510
        New York, New York 10165
        (212) 317-1200
        *Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 2020
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

March 6, 2017

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Candelaria Ordonez Calel

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                        06 de marzo de 2017

*Certified as a minority-owned business in the State of New York*

# Michael Faillace & Associates, P.C.

## Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

May 4, 2017

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Carlos Manuel Ticum Yacon

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                     04 de mayo de 2017

*Certified as a minority-owned business in the State of New York*